## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**WESCO INSURANCE COMPANY,**

**Plaintiff,**

**v.**                                                            **Case No:   6:12-cv-1492-Orl-31DAB**

**DON BELL, INC., JAMES ANTHONY
CASTO and STEPHANIE MAYS-CASTO,**

**Defendants.**

_____

### ORDER AND JUDGMENT

This matter is before the Court on a Motion for Summary Judgment (Doc. 46) filed by Plaintiff Wesco Insurance Company ("Wesco"), Defendant James Casto's ("Casto") response thereto (Doc. 56), Wesco's reply (Doc. 58), Casto's Cross-Motion for Summary Judgment (Doc. 49), and Wesco's response thereto (Doc. 57).

### I.      Background

On July 17, 2012, Casto was involved in a motor vehicle accident while driving a dump truck owned by Don Bell, Inc. ("DBI"). Casto sued DBI alleging negligence in the maintenance of the vehicle. DBI has requested that Wesco defend and indemnify it against Casto's claims pursuant to the terms of an insurance policy issued to DBI ("the Policy"). The Policy does not provide coverage for any obligation that may be covered by workers' compensation. In this suit, Wesco seeks a declaration that Casto's injury is covered by Florida's workers' compensation statute.

### II.      Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Which facts are material depends on the substantive

law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir. 1994).

**III.    Analysis**

The Policy excludes from coverage "any obligation for which the insured or insured's insurer may be held liable under any workers' compensation . . . law." (Doc. 1-6 at 45). Casto contends that the exclusion is inapplicable because he was a volunteer not covered by Florida's workers' compensation statute. Casto further asserts that he was a temporary worker and, as such, is not

subject to the exclusion in the Policy. Last, Casto argues that he was not an employee of DBI because he did not complete the required paperwork before commencing work. Each argument will be addressed below.

### A. Voluntary Worker

Casto's chief argument is that he was a volunteer, and not an employee, at the time of the injury, and therefore is not covered under Florida's workers' compensation statute. However, no evidence in the record supports this assertion. Section 440.10(1)(a), Fla. Stat., provides that every employer under the statute is liable for, and must secure payment to, his or her employees for injuries that occur in the course and scope of employment. It is undisputed that DBI is an employer under the statute and that the injury took place in the course and scope of DBI's work. The central issue in dispute is whether Casto was an employee covered by Florida's workers' compensation statute. Pursuant to the statute, an "employee" is any person who receives remuneration from an employer for the performance of any work or service. *See* Fla. Stat. § 440.02 (15)(a). A worker who "does not receive monetary remuneration for services is presumed to be a volunteer unless there is substantial evidence that valuable consideration was intended by both the employer and employee." Fla. Stat. § 440.02 (15)(d)(6).

Casto testified in his deposition that he expected to be compensated by having a debt that he believed was owed to Wid Bell ("Bell"), the principal of DBI, reduced. (Doc. 56 at 7). Casto argues that this debt reduction could not have been remuneration for his services because Wid Bell did not regard Casto as being indebted to him. (Doc. 56 at 8). Furthermore, Casto points to the fact that he was never paid as proof of his volunteer status. However, when determining whether a worker is a volunteer or an employee, it is the intent to remunerate, and not the specific details of remuneration,

that creates the relationship. *See* Fla. Stat. § 440.02 (15)(d)(6). By his own testimony, Casto expected remuneration, in the form of debt reduction, when he began work.

Bell and Kenny Miannay ("Miannay") - the foreman who hired Casto and directed his work - also testified that remuneration was intended by DBI when Casto began work on the day of the injury. In Bell's deposition, he testified that he would have paid Casto for his services if Casto wished to be paid. (Doc. 55 at 49). Miannay testified that at the time of hiring Casto, he expected DBI to pay Casto for his work. (Doc. 54 at 22). The only evidence in the record is that both Casto and DBI expected Casto to be paid for his work.[1] Therefore, there is no genuine disputed issue as to whether Casto was covered by Florida's workers' compensation statute at the time of his injury.

**B.  Temporary Worker**

Casto alleges that the workers' compensation exclusion in the Policy does not bar coverage in this case because it does not apply to temporary workers. In support of this proposition, Casto points to the definition of "employee" within the Policy, which expressly excludes temporary workers.[2] Casto points out that he meets the Policy's definition of a temporary worker[3] because he was furnished to DBI to substitute for a permanent employee on leave.

Casto relies primarily on *National Indemnity Co. v. Landscape Management Co. Inc.*, 963 So. 2d 361 (Fla. 4th DCA 2007) to support his argument that a temporary worker is not subject to a policy exclusion similar to the exclusion in the present case. However, the policy exclusion in

---

[1]  The facts of *Solomon v. Huddleston*, 657 So. 2d 78 (Fla. 1st DCA 1995), which were cited by Casto, are distinguishable from the present case. In that case, there was no evidence that compensation was intended or expected by either the employer or the employee. *Id.* at 80.

[2]  The Policy's definition of "employee" includes a "leased worker." "Employee" does not include a "temporary worker." (Doc. 49 at 8).

[3]  The Policy defines a "temporary worker" as person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions. (Doc. 49 at 8).

*Landscape* is distinguishable from the exclusion here. In *Landscape*, the policy excluded coverage for injuries to *employees*, as defined by the policy. *Id.* at 362-63. In the instant case, the Policy excludes "*any obligation* for which the insured or insured's insurer may be held liable under any workers' compensation . . . law." (Doc. 1-6 at 45). Therefore, the Policy's definition of "employee" is not relevant in this case.

### C.  Pre-Employment Paperwork

Casto further asserts that he was not an employee because DBI failed to submit the appropriate pre-employment paperwork to the employee leasing company, Crum Resources II, Inc. ("Crum"). However, Casto makes no argument that the lack of paperwork affects his coverage under Florida's workers' compensation statute. Any failure by DBI to comply with the formalities of its contract with Crum would not extinguish DBI's duty to provide worker's compensation coverage pursuant to the statute. Therefore, there is no disputed issue as to Casto's status as an employee under the workers' compensation statute.

### IV.    Conclusion

In consideration of the foregoing, Casto was an employee, not a volunteer, and DBI was therefore obligated to provide workers' compensation for his injury. Casto's status as a temporary worker does not affect the applicability of the Policy's exclusion. Furthermore, DBI's failure to complete pre-employment paperwork for Casto does not affect his status as an employee under Florida's workers' compensation statute. Accordingly, the workers' compensation exclusion applies and Wesco is entitled to judgment in its favor.

It is therefore, **ORDERED** that:

1.    Plaintiff Wesco Insurance's Motion for Summary Judgment (Doc. 46) is **GRANTED**.

2.    Defendant James Casto's Cross-Motion for Summary Judgment (Doc. 49) is **DENIED**.

3.    Judgment is hereby entered for Plaintiff, declaring that Wesco has no duty to defend or indemnify Don Bell, Inc. for any claims arising out of the accident on July 17, 2012 involving James Casto.

4.    The Court reserves jurisdiction to tax costs.

5.    The clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 23, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party